## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Ann R. Rupli**                                    **Case No. 8:11-cv-00287-RWT**

      **Plaintiff**


vs.                                          **MOTION TO STRIKE PORTIONS
                                             OF MOTION TO DISMISS**


**Mortgage Electronic Registration
   Systems,  Inc .**

      **Defendant**


Plaintiff moves to strike parts of Mortgage Electronic Registration Systems' Motion to Dismiss. For good cause: (1) portions of this Motion to Dismiss lack a cognizable legal theory; and (2) for portions of this Motion to Dismiss, there is an absence of sufficient evidence to support any cognizable legal theory. A Memorandum in Support is attached and its contents are hereby incorporated by reference as if it were reprinted here.  A Suggested Order is also attached.

      Respectfully submitted;

      /s/ Norman L. Sirak
      _____
          Norman L. Sirak, Bar # 29518
          4035 Cinwood Street
          Massillon, Ohio 44646
          Phone (330) 478 - 1947
          Email nsirak@parolereform.com

/s/ Dan Rupli
_____

Dan Rupli, Esq.
18 E. Orndorff Drive
Brunswick, Md.  21716
Phone (240) 481 2677
Email Rupli@aol.com

## Certificate of Service

A copy of the foregoing and all attachments will be sent to Alan Freeman, and John Lucian of Blank Rome LLP, at 600 New Hampshire Ave. N.W., Washington, D.C. 20037 via the Court's electronic filing system.

/s/ Norman L. Sirak
_____

Norman L. Sirak

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**Ann R. Rupli**                                    **Case No. 8:11-cv-00287-RWT**

   **Plaintiff**


vs.                                                 **MOTION TO STRIKE PORTIONS**
                                                    **OF MOTION TO DISMISS**


**Mortgage Electronic Registration**
   **Systems,  Inc .**

   **Defendant**


### MEMORANDUM IN SUPPORT

Plaintiff submits this Memorandum in Support for its Motion to Strike parts of Defendant Mortgage Electronic Registration Systems' Motion to Dismiss, filed in place of an Answer under Fed.R.Civ.P. 12(b)(6) [hereafter *Rule 12(b)(6)*].

**Introduction**

Plaintiff filed a Motion for Judgment on the Pleadings under Fed.R.Civ.P. 12(c), acting upon the premise that a Motion to Dismiss signaled no Answer would be forthcoming and pleadings were therefore closed. Opposing counsel filed a Motion to Strike. Authorities cited in this Motion to Strike hold that pleadings are not considered closed when a Motion to Dismiss is filed. Accordingly, Plaintiff's Motion for a judgment on the pleadings is being abandoned.

While Plaintiff cannot proceed procedurally under Rule 12(c), the substantive merit of this filing remains valid. Responding to portions of Defendant's Motion to Dismiss serves only to dignify them and this is inadequate.

A Rule 12(b)(6) Motion to Dismiss is the current embodiment of the venerable Demurrer. Although demoted in stature from a pleading to a motion, the Demurrer and a Rule 12(b)(6) Motion are functionally equivalent in every aspect. Under demurrer pleading rules, a party could file a motion to strike certain content in a Motion to Dismiss for two reasons. (1) Portions of this Motion to Dismiss lack any cognizable legal theory.  (2) For portions of this Motion to Dismiss, there is an absence of evidence sufficient to support any cognizable legal theory.[1].

In any Rule 12 filing, the facts offered by a non-moving party are entitled to be viewed as true as well as all reasonable inferences drawn from these facts. But this presumption of truth does not extend to legal conclusions.

> "[a] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." [2]

The Rule 12(b)(6) Motion of Mortgage Electronic Registration Systems is standing upon legal conclusions which are not entitled to any assumption of truth.

---

[1] California still follows demurrer practice and pleading rules. Cal. Code of Civil Proc. § 430.10 allows a party to test the sufficiency of a complaint with a demurrer and Cal. Code of Civil Proc. § 435(a) (3) allows a plaintiff to file a motion to strike a demurrer or a portion of a demurrer. *See* Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. Cal. 2008) for grounds to file a Motion to Strike.

[2] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Since these legal conclusions cannot be challenged through a Motion for a Judgment on the Pleadings, this Motion to Strike is hereby offered in its place.

## *Mortgagee* and *Beneficiary* are Legal Conclusions

The first suspect legal conclusion is that Mortgage Electronic Registration Systems serves as *mortgagee and beneficiary* on behalf of the original lender. Defendant's' Motion to Dismiss states:

> "Two aspects of the loan are then usually bought and sold – the servicing rights and the beneficial rights. The servicing rights include the right to collect monthly escrow, principal and interest payments from the borrower - and the beneficial rights include the right to receive the repayment of the loan itself. For its part, MERS serves as the *mortgagee or beneficiary of record on behalf of, or as the nominee for the lender* and for the lender's successors and assigns." [3] [Citations to deed of trust deleted. Ital. emphasis added.]

## *Mortgagee* and *Beneficiary* Defined

*Mortgagee* is defined in Maryland's Real Property Article as follows:

> "(k) Mortgagee.. "Mortgagee" means the holder of any recorded mortgage *or the beneficiary of any recorded deed of trust*, encumbering one or more units."[4] [Emphasis added.]

Plaintiff signed a deed of trust. Mortgage Electronic Registration Systems is a party to this deed of trust. To serve as mortgagee for a recorded deed of trust, you must be the beneficiary. This legal conclusion requires that Mortgage Electronic Registration Systems must be the *beneficiary* of Plaintiff's deed of trust.

---

[3] Defendant's Motion to Dismiss, at p. 7 – 8.
[4] *See* Md. Code Real Prop. § 11-101 Definitions, ¶ (k).

A suitable definition of *beneficiary* appears in the paragraph quoted from the Motion to Dismiss. *Beneficiary* refers to the person or company with the *rights to receive repayment of the loan itself.* The legal conclusion is that Mortgage Electronic Registration Systems is entitled to proceeds paid by Plaintiff on her loan. If this entitlement is not present, MERS cannot serve as the beneficiary.

**MERS holds only Legal Title**

Defendant's Rule 12(b)(6) Motion places a great deal of reliance upon text in the Deed of Trust and Plaintiff's consent to these terms.[5] Relying upon text in the Deed of Trust is a blade that cuts two ways. This Deed of Trust states:

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument," [6]

In the first place, it is a misnomer to say that *the Borrower* can grant any interest in a deed of trust to MERS. The Lender holds both the legal and equitable interest. Only the Lender can convey this interest to MERS. More fundamentally, the deed of trust states that MERS (i.e. Mortgage Electronic Registration Systems) *holds only legal title.* The term *legal title* means *title without ownership rights.*[7] *Holding only legal title* necessarily leaves equitable title for the recorded deed untouched and parked with the Lender. The admission by MERS that it holds only legal title defeats the legal conclusion that it can serve as beneficiary.

---

[5] See Motion to Dismiss, pp.'s 4, 5, 6, 8, 10, 17.
[6] See Motion to Dismiss, quoting Transfer of Rights paragraph, at p. 4.
[7] Commonwealth Land Title Insurance Co., Escrow terms and phrases, online.

**No Ownership Rights Whatsoever in Registry Information**

The Membership Rules of Mortgage Electronic Registration Systems state:

"(b) MERS shall have *no ownership rights whatsoever* in or to any information contained on the MERS® System."[8] [Emphasis added.]

This statement echoes the statement in the deed of trust. Mortgage Electronic Registration Systems is barred from owning *any interest in any debt instrument* posted on its registry. The conclusion that MERS can serve as beneficiary is eviscerated by both statements. From this evidence, another reality is self-evident. No consideration changed hands between the lender, American Home Mortgage, and Mortgage Electronic Registration Systems in exchange for its interest as mortgagee. Paying nothing for a debt instrument with a face value of $579,500 is more than suspect. It is lacking authenticity in essence and authenticity in origin.

The most credible kind of evidence is a statement running against a party's interest made by the party themselves. It is this kind of evidence, an admission by MERS running against its own interest, which proves that MERS *cannot be* the mortgagee and beneficiary of Plaintiff's [or anyone else's] Deed of Trust. *There is no evidentiary support* for the premise that MERS can be mortgagee and beneficiary of Plaintiff's deed of trust. This legal conclusion acts as a deceptive stratagem. It deliberately represents MERS to be something that it is not. Its purpose is to gain an upper hand through legal trickery (i.e. chicanery).

---

[8] *See* Plaintiff Exhibit 1, MERS Membership Rules, Rule 9, § 1, ¶ (b), p. 28.

**Deed of Trust Unsigned by Party to be Charged**

It is another irrefutable fact that Plaintiff's deed of trust has not been signed by the lender, American Home Mortgage Corporation.  Md. Code Real Prop. § 1 – 101(c) and 1 – 101 (i) dictate that a deed of trust may be treated for all purposes as a mortgage. Md. Code Real Prop. § 14 -201(b)(1) states that these instruments are also a contract. The statute of frauds (i.e. Md. Code Real Prop. § 5 – 104) states:

> "No action may be brought on any contract for the sale or disposition of land *or of any interest in or concerning land* unless the contract on which the action is brought, or some memorandum or note of it, *is in writing and signed by the party to be charged or some other person lawfully authorized by him*." [Emphasis added.]

Plaintiff's deed grants MERS an interest as mortgagee and beneficiary for the lender. The statute of frauds requires any disposition of an *interest in land* to be in writing and signed by the party to be charged. The party to be charged is American Home Mortgage. There is no *signed* document from American Home Mortgage, including the deed of trust, appointing MERS as their mortgagee and beneficiary *and this will never change*. American Home Mortgage is now out of business.[9] A contract is rendered invalid if the statute of frauds is not followed. Absence of an agreement *signed by American Home Mortgage* unequivocally rules out any contractual relationship between MERS and the lender.

---

[9] *See* Doc. # 21, Joint Motion to Dismiss, Plaintiff Exhibit A, Agreement *and* Doc. # 23, Order Granting Motion Doc. # 21, Motion to Dismiss with Prejudice. Plaintiff's Agreement with American Home Mortgage is attached as Exhibit 2.

**Absence of Evidence and of any Cognizable Legal Theory**

Interests in recorded properties are governed by statutes in Maryland's Real Property Article and well settled common law principles. These sources of law dictate the distinguishing attributes – and differentiating qualities – between a mortgagee, the beneficiary and the holder of a bare legal title to a debt instrument. There is no cognizable legal theory holding that a party with no pecuniary interest in an underlying debt, claiming only bare legal title, may nevertheless exercise the rights reserved exclusively to the party entitled to repayment of the loan.

There is an absence of evidence sufficient to support the legal conclusion that Mortgage Electronic Registration Systems is a mortgagee and beneficiary of the Lender under any contractual arrangement. Any such contract must be in writing and signed by the party to be charged. This indispensable document does not exist.

Grounds for a Motion to Strike portions of a Motion to Dismiss consist of: (1) absence of a cognizable legal theory and (2) absence of evidence sufficient to support any cognizable legal theory. The legal conclusion that MERS may act as the mortgagee or beneficiary fails under real property statutes and legal maxims because there is an absence of a cognizable legal theory to support its position. The legal conclusion that MERS may act as mortgagee or beneficiary under a theory of contract fails because of an absence of evidence sufficient to support the formation of such a contract with the grantor of this interest, American Home Mortgage.

Deceptious appearance of title occurs when a claimant holds itself out as the holder of an interest in property, when in truth, this claimant holds nothing. The claim of Mortgage Electronic Registration Systems to an interest in Plaintiff's deed of trust is bankrupt of validity and legitimacy, and constitutes an example of deceptious appearance of title.

### MERS Remains Mortgagee for Lender's Successors and Assigns

The second unsupported legal conclusion is that Mortgage Electronic Registration Systems continues to act as mortgagee or beneficiary for each and every purchaser of this debt instrument. Defendant's Rule 12(b)(6) Motion states:

> "When the note is sold by the original lender to others, the sale of the note is tracked on the MERS® System. *As long as the sale of the note involves MERS members, MERS remains the named mortgagee of record, and continues to act as the mortgagee or beneficiary, as the nominee for the new beneficial owner of the note. The seller of the note need not assign the mortgage or deed of trust because MERS remains the mortgagee as the nominee for the purchaser of the note, who is then the lender's successor and assign.* This relationship is memorialized in the security instrument which the borrower signs and is a party to, as well as by the MERS membership agreements that are entered into between MERS and its members (mortgage lenders and servicers)." [10] [Emphasis added.]

In analyzing this argument, three conclusions are offered as foundation stones for supporting the premise that MERS remains the mortgagee or beneficiary for every successive purchaser of Plaintiff's Deed of Trust. The first conclusion

---

[10] Defendant's Motion to Dismiss, at pp.'s 8-9. The footnote at the end of this passage is just a broad reference to the MERS Membership Agreement, and does not cite any specific on point rule.

states that Plaintiff's Deed of Trust is *always* sold to another member of the MERS System. The second legal conclusion is that MERS remains the mortgagee and beneficiary for each and every new owner of Plaintiff's Deed of Trust. The third legal conclusion states that the seller of Plaintiff's Deed of Trust need not assign this instrument, because MERS always remains the mortgagee and each new purchaser is merely a successor in interest or assignee of the original lender. The MERS President summarized these conclusions as follows.

> "The chain of title starts and stops with Mortgage Electronic Registration Systems Inc. as the mortgagee."[11]

These legal conclusions are not just false. They are not even remotely plausible. A denial mentality blocking out the existence of a securitization transaction serves as the unstated premise behind all of these legal conclusions.

**Investors are Lender's True Successors in Interest**

MERS membership is composed of companies servicing mortgage loans, banks acting as Trustees, firms specializing in foreclosures and offering services related to foreclosures. Its members number about 3,000. The one constant is that all MERS members have an interest in foreclosure.  Opposing counsel states, *as long as the sale of the Note involves MERS Members* …" What if the sale of Plaintiff's Note and Deed of Trust *does not involve* MERS members? What if the sale of Plaintiff's Note and Deed of Trust *never involves* another MERS member?

---

[11] Plaintiff Exhibit 3, Remarks by R.K. Arnold before Senate Committee, p. 16.

The Indenture Agreement between American Home Mortgage Investment Trust 2006-3, Wells Fargo Bank and Deutsche Bank declares unequivocally that holders of mortgage-backed Notes (i.e. investors) are owners and beneficiaries of these debt instruments. This Indenture Agreement states:

> "Section 4.04 *Persons Deemed Owners*. Prior to due presentment for registration of transfer of any Note, the Issuing Entity[ i.e. American Home Mortgage Investment Trust 2006-3] , the Indenture Trustee [i.e. Deutsche Bank], the Paying Agent and any agent of the Issuing Entity or the Indenture Trustee or the Paying Agent *may treat the Person in whose name any Note is registered … as the owner of such Note for the purpose of receiving payments of principal of and interest, if any, on such Note and for all other purposes whatsoever*, …." [12] [Emphasis added.]

Plaintiff's debt is now owned in pro rata shares by every investor holding a mortgage-backed note secured by a pool of mortgages holding this instrument. Holders of mortgage-backed Notes are permanent owners of these instruments. This arrangement is set in stone. Investors do not belong to MERS. Because these instruments are not for sale, it blinks reality to state that MERS members can sell and buy Plaintiff's Deed of Trust. Nobody can sell and buy these instruments.

**Relationship between MERS and Investors**

The second legal conclusion is that MERS remains the mortgagee and beneficiary for each new owner of Plaintiff's Deed of Trust. The Indenture Agreement firmly establishes the factual predicate that investors are the new and

---

[12] Plaintiff Exhibit 4, Indenture Agreement, § 4.04 at p. 12.

permanent owners of Plaintiff's debt instrument. To determine the relationship which evolved between MERS and the new beneficiaries, we must examine the terms of the sale and the role reserved for MERS after it was consummated.

In the Trust Agreement between American Home Mortgage Securities LLC, Wilmington Trust Co. and Wells Fargo Bank, the conveyance of debt instruments is described as follows.

> "(a) Effective as of the date hereof, the Depositor [i.e. American Home Mortgage Securities LLC] *does hereby assign, transfer, and otherwise convey to, and deposit with*, the Trust [i.e. American Home Mortgage Investment Trust 2006-3], until this Agreement terminates pursuant to Section 8.01, the entire Trust Estate, such conveyance to be made in exchange for the Notes and the Certificate. Such assignment includes, without limitation, all amounts payable to and all rights of the holder of the Collateral pursuant to this Agreement.
>
> "The conveyance of the Collateral and all other assets constituting the Trust Estate by the Depositor [i.e. American Home Mortgage Securities LLC] as contemplated hereby *is absolute and is intended by the parties to constitute a sale of the Collateral and all other assets constituting the Trust Estate by the Depositor to the Trust.*" [13] [Emphasis added.]"

The words chosen to describe a conveyance in Maryland carry special significant. Md. Code Real Prop. § 2-101 states how *sale* is to be construed.

> "The word *grant*, the phrase *bargain and sell*, in a deed, or any other words purporting to transfer the whole estate of the grantor, *passes to the grantee the whole interest* and estate of the grantor in the land mentioned in the deed *unless a limitation or reservation shows, by implication or otherwise a different interest*." [Emphasis added.]

---

[13] *See* Plaintiff's Exhibit 5, Excerpt from Trust Agreement, § 2.12 at pp.'s 5-6.

If an interest were reserved for MERS, this should stipulate, "subject to the reservation that MERS remains mortgagee or beneficiary of the collateral." This language is not there. Nothing has been held back and reserved for MERS.

What about remaining clauses in this securitization agreement? Documents making up a securitization transaction are voluminous, easily exceeding 100 pages. Mention of Mortgage Electronic Registration Systems appears twice. First in the Trust Agreement, MERS and the MERS System appear in § 6.06, titled *Owner Trustee Not Liable for the Certificate or Related Documents*. This paragraph states,

> "the Owner Trustee makes no representations as to the validity or sufficiency … of MERS or the MERS System."[14]

In the Underwriting Agreement, MERS appears in paragraph (p) of warranties made by *American Home Mortgage Securities LLC.*

> "Any taxes, fees and other charges …will be paid by the Company (i.e. American Home Mortgage Securities LLC.) prior to the Closing Date, except for fees for recording assignment …*or, if applicable, to MERS* on behalf of the Indenture Trustee … which fees will be paid by the Company." [15] [Emphasis added.]

The first reference disavows any responsibility for the validity and sufficiency of MERS. The second reference dictates who is responsible for MERS fees. There is nothing in these securitization agreements indicating that investors appointed MERS as their mortgagee or beneficiary. There is document-grounded irrefutable

---

[14] *See* Plaintiff Exhibit 5, Trust Agreement, § 6.06 at p. 9.
[15] *See* Plaintiff Exhibit 6, Underwriting Agreement, ¶ (p) at p. 5.

evidence, supported by Md. Code Real Prop. § 2-101, proving the opposite true. Investors *rejected* the appointment of MERS to act as mortgagee or beneficiary on their behalf. The legal conclusion that MERS acts as mortgagee and beneficiary for all current owners rests upon commentary from counsel and nothing more.

**Sellers need not Assign Interests**

The third legal conclusion states that each seller of Plaintiff's debt need not assign this instrument, because MERS always remains the mortgagee. In the first place, nobody has authority to separate these debt instruments from the trust that is holding them as collateral for mortgage-backed notes. These debt instruments are not for sale. Secondly, investors have not agreed to appoint MERS as its mortgagee and beneficiary. Third, there is no such thing as an assignment of an interest in land unless it has been reduced to writing and signed by the party to be charged.

**Absence of any Cognizable Legal Theory**

MERS's second legal conclusion is that it can act as mortgagee or beneficiary for every successive purchaser of Plaintiff's Deed of Trust, simply because this appointment is set forth in a formulaic deed of trust as a standard term. Every legal and non-legal conclusion supporting this position is false.

The premise that every successive owner of Plaintiff's Deed of Trust is a MERS member is *void ab initio* (a legal nullity). Investors are the permanent successive owners of Plaintiff's Deed of Trust and they are not MERS Members.

The mortgagee and beneficiary of these debt instruments is also the party entitled to funds paid by borrowers. MERS has not made any pecuniary investment in these debt instruments. In the relationship which evolved after these instruments were sold, there is nothing stating that the new owners have agreed to let MERS stand in their place as mortgagee and beneficiaries of this collateral. In fact, there is unambiguous language stating that no one, not even the Trustee Deutsche Bank, can make any claim to owning these debt instruments. Despite the lack of any pecuniary investment by MERS, and the absence of any agreement by the new owners granting MERS the status of mortgagee and beneficiary of this collateral, we are asked to accept – apparently on faith – this legal conclusion.

There is no cognizable legal theory that allows MERS to act as another's mortgagee or beneficiary based upon a term in a debt instrument that has never been signed and rendered enforceable by the original lender. There is no cognizable legal theory that allows MERS to claim the status of mortgagee and beneficiary, when doing so requires elevating a standard term in a formulaic deed of trust above unambiguous language in a contract worth over a billion dollars between several banks and thousands of investors. There is no cognizable legal theory which allows MERS to serve as mortgagee and beneficiary, when the agreements executed by current owners of these debt instruments grant no such license to MERS. In fact, these agreements delegate a ministerial role to MERS.

This second legal conclusion also acts as a deceptive stratagem. Stating that MERS members can sell and purchase Plaintiff's Deed of Trust is a fallacy. These are make-believe and pretend sales, totally lacking any substance. The purpose served by these make-believe and pretend sales is to project a counterfeit chain of title at the local recorder's office, giving Mortgage Electronic Registration Systems the outward appearance of legitimacy. Once again, MERS is gaining an upper hand through legal trickery. The idea that MERS can float from purchaser to purchaser but always retain its status as mortgagee and beneficiary of the underlying debt instrument, without any pecuniary interest in this debt, is outright nonsensical.

### MERS has Authority to Foreclose

The third unsupported legal conclusion is that Mortgage Electronic Registration Systems has authority to foreclose. The Motion to Dismiss quotes with approval the following term from the Deed of Trust.

> *"...[ i]f necessary to comply with law or custom, MERS* (as nominee for Lender and Lender's successors and assigns) *has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the [Residence*]: and to take any action required of Lender including, but not limited to, releasing and canceling this [Deed of Trust]." [16] [Emphasis added.]

Law and custom in Maryland requires a pecuniary interest in the underlying debt obligation as an indispensable prerequisite for enforcing a power of sale clause through foreclosure. Md. Code Real Prop. § 14-204 states:

---

[16] Motion to Dismiss, at p. 17.

"(a)  Manner of enforcement and foreclosure.  *A lien may be enforced and foreclosed by the party who obtained the lien* in the same manner, and subject to the same requirements, as the foreclosure of mortgages or deeds of trust on property in this State containing a power of sale or an assent to a decree." [Emphasis added].

By its own admission, Mortgage Electronic Registration Systems has no pecuniary interest in any borrower's debt instrument.[17] This self imposed restraint bars it from bringing any foreclosure action *in its own name* in Maryland.

In addition to the absence of a pecuniary interest in the underlying debt obligation, there is another admission by MERS running against its interest. MERS has conceded that it does not have authority to foreclose *in its own name*. On February 16, 2011, MERS issued an announcement rescinding its authority to initiate foreclosures. In pertinent part, this MERS Announcement states:

"…MERS Members should implement the following practices, effective immediately.

1. MERS is planning to shortly announce a proposed amendment to Membership Rule 8. *The proposed amendment will require Members to not foreclose in MERS name*. Consistent with the Membership Rules there will be a 90-day comment period on the proposed Rule. *During this period we request that Members do not commence foreclosures in MERS name*…." [18] [Emphasis added.]

The primary purpose for the MERS statement in the *Together With* clause is to give MERS the authority to initiate a foreclosure in its own name. This authority has just been voluntarily disavowed by MERS.

---

[17] See Plaintiff Exhibit 1, MERS Membership Rules, Rule 9, § 1, ¶ (b), p. 28.
[18] See Plaintiff Exhibit 7, MERS Announcement # 2011-01, Feb. 16, 2011.

Opposing counsel relies upon Plaintiff's consent to the right to foreclose.

"In signing the Deed, Rupli further acknowledged that, as nominee for Lender and Lender's successors and assigns, MERS has the right to foreclose and sell the property." [19]

A borrower's consent has no bearing upon what powers have been granted by a lender to Mortgage Electronic Registration Systems.[20] The root issue is whether this authority can be exercised. A borrower's consent cannot convert the bare legal title held by MERS into an equitable interest with full ownership rights.

**Absence of any Cognizable Legal Theory**

Maryland's law is clear and unambiguous. The party ordering a foreclosure must have a financial stake in the underlying debt instrument. MERS has no stake in Plaintiff's debt instrument. Capitulating to the obvious, MERS has agreed to relinquish this third unsupported legal conclusion. As for the argument that the borrower agreed to this term, there is no cognizable legal argument giving a borrower the right to overrule a Maryland statute. There is no cognizable legal theory that gives a borrower the right to alter, expand or exercise any influence whatsoever over the powers granted by a lender to its nominee or agent.

Like the prior conclusions, this legal conclusion requires granting MERS the authority of an equitable owner, when it can only claim bare legal title. These legal conclusions should be stricken from Defendant's Motion to Dismiss.

---

[19] Motion to Dismiss, at p. 3.
[20] *See* Bank of NY v. Alderazi, 900 N.Y.S. 2nd 821, 824 (N.Y. Sup. Ct 2010).

**Conclusion**

For reasons set forth above, Plaintiff asks this Court to grant this Motion to Strike these referenced legal conclusions from Defendant's Motion to Dismiss.

Respectfully submitted;

/s/ Norman L. Sirak

_____

Norman L. Sirak, Bar # 29518
4035 Cinwood Street
Massillon, Ohio  44646
Phone (330) 478 1947
Email nsirak@parolereform.com

/s/ Dan Rupli

_____

Dan Rupli, Esq.
18 E. Orndorff Drive
Brunswick, Md.  21716
Phone (240) 481 2677
Email Rupli@aol.com

**Certificate of Service**

A copy of the foregoing and all attachments will be sent to Alan Freeman, and John Lucian of Blank Rome LLP, at 600 New Hampshire Ave. N.W., Washington, D.C. 20037 via the Court's electronic filing system.

/s/ Norman L. Sirak

_____

Norman L. Sirak