Plaintiff Exhibit 2

# Agreement between Plaintiff and American Home Mortgage

## AGREEMENT FOR DISMISSAL ENTRY

**THIS AGREEMENT**, executed on the date set forth below, by and between:

> Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of American Home Mortgage Holdings. Inc., a Delaware Corporation, et al., acting through its counsel Hahn & Hessen LLP, and hereafter referred to as *Counsel for the Plan Trustee*;

- and -

> Ann Rupli, an individual acting through her counsel Dan Rupli and Norman Sirak, presently doing business at the address of her counsel which is 18 East Orndorff Drive, Brunswick, Maryland 21716 and hereafter referred to as *Ann Rupli*;

Declare as their mutual intent and purpose as follows.

## R E C I T A L S:

**Whereas,** Ann Rupli has filed a Complaint in the Circuit Court of Montgomery County, Maryland, Case # V341223 assigned to Judge Eric Johnson and, in this lawsuit, Ann Rupli has requested a declaratory judgment from the Court finding that the conveyance of American Home Mortgage Corporation to Mortgage Electronic Registration Systems Inc. was a tortious act and has asked for sanctions in the form of penalties for this tortious conduct; and

**Whereas,** Counsel for the Plan Trustee has filed a *Suggestion of Bankruptcy and Dismissal Motion* in the Circuit Court of Montgomery County, and this case has now been moved to the United States District Court for the District of Maryland, Case # 8:11-cv-00287-RWT, stating that American Home Mortgage Corporation is now in the United States Bankruptcy Court for the District of Delaware, Case # 07-11047 (the "Bankruptcy Case") and that a permanent

injunction has been issued to enjoin any persons from initiating any such actions as this against this debtor; and

**Whereas**, the parties have conferred and mutually agreed upon the following terms and conditions for dismissing American Home Mortgage Corporation from this lawsuit with prejudice;

**Now, Therefore**, in consideration for the exchange of the above covenants and with both parties intending to be legally bound, *Counsel for the Plan Trustee* and *Ann Rupli* hereby agree to dismiss American Home Mortgage Corporation with prejudice from the action filed in the United States District Court for the District of Maryland, Case # 8:11-cv-00287-RWT, pursuant to the following mutually agreed upon terms.

### 1.American Home Mortgage Corporation is not a functioning company

Counsel for the Plan Trustee acknowledges and affirms that the only remaining director or officer of American Home Mortgage Corporation is the Plan Trustee Steven Sass, and the sole responsibility of Mr. Sass is to wind down the debtor's affairs in bankruptcy. With the qualified exception of Mr. Sass, American Home Mortgage Corporation does not have any directors or officers.

### 2.American Home Mortgage Corporation has no successors in interest

Counsel for the Plan Trustee acknowledges and affirms that American Home Mortgage Corporation was a distinct and separate entity under the American Home Mortgage Holdings, Inc. umbrella and that American Home Mortgage Corporation originated loans. There has been no purchaser of the stock of American Home Mortgage Corporation and, as a consequence, for this entity there is no successor in interest. All parties to this Agreement construe the term *successor-in-interest* strictly from the perspective of an acquiring business, and all parties agree that for our purposes, a successor-in-interest refers only to an acquisition in which the existing corporate and equity structure of a business is acquired. Both parties agree that the existing corporate and equity structure of American Home Mortgage Corp. has never been acquired by an outside business and, strictly in this sense, it has no successor-in-interest.

### 3. American Home Mortgage is permanently out of business.

3

Counsel for the Plan Trustee acknowledges and affirms that American Home Mortgage Corporation has not originated mortgage loans since August 6, 2007 (the "Petition Date"), and that pursuant to the Plan, the entity in the Bankruptcy Case will cease to exist and will not originate mortgage loans in the future.

#### 4. Ann Rupli agrees to abandon American Home Mortgage Corp. claim.

In consideration of, and relying upon these representations by Counsel for the Plan Trustee, Ann Rupli agrees to abandon her claim now in the United States District Court for the District of Maryland, Case # 8:11-cv-00287-RWT against American Home Mortgage Corporation specifically, against American Home Mortgage Holdings generally, and against any of their affiliated debtors in the Bankruptcy Case. Plaintiff further acknowledges that the Injunction of the Bankruptcy Court would apply to her claim in this lawsuit, and Plaintiff further agrees to never submit a claim to this bankruptcy court hereafter.

#### 5. Acknowledge and Consent to Filing Agreement in Federal Court

*Counsel for the Plan Trustee* understands, acknowledges and consents to the filing of this Agreement with the United States District Court for the District of Maryland, as part of Case # 8:11-cv-00287-RWT. Counsel for the Plan Trustee further agrees to allow its signature to be affixed electronically under the header, *Acknowledge and Consent*, after the signatures of Plaintiff's counsel, both of whom are admitted to the Fourth Circuit Court of Appeals and entitled to file motions before this Court. Counsel for the Plan Trustee further states that they have seen and approved of the Motion that will be filed with this Agreement as an attachment.

**In Witness Whereof**, the parties have voluntarily affixed their names below and by this act, executed this Agreement and ratified all of the above terms.

Hahn & Hessen, LLP
Attorney for Defendant

Dated: 3/7/11

Ann Rupli, Plaintiff

Dated: March 8, 2011

4

Dan Rupli, Attorney for Plaintiff

Dated: _March 8, 2011_

Norman L. Sirak, Attorney for Plaintiff
Dated: _March 8, 2011_

5