# Exhibit B

# Statement of Issues Raised on Appeal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Ann R. Rupli** | **Case # 8:11-cv-00287-RWT** |
| *Plaintiff,* | |
| | **Judge Roger Titus** |
| vs. | |
| **Mortgage Electronic Registration Systems, Inc.** | **Statement of Issues Presented By Plaintiff on Appeal** |
| *Defendant.* | |

Plaintiff hereby certifies the following issues for appeal.

First Issue – The District Court failed to acknowledge facts, material omissions and reasonable inferences drawn from these facts and omissions upon which relief could be granted. Specifically, the District Court refused to acknowledge self evident and incontrovertible facts such as Defendants' failure to follow the formalities of the Statute of Frauds [i.e. Md. Code Real Prop. § 5-103 and § 5-104] by documenting the written transfer of an interest in land bearing the signature of the party relinquishing this interest. Self evident material omissions include the requirement that every deed of trust executed by a corporation must have an acknowledgement [i.e. Md. Code Real Prop. §4-101] if it is to qualify as a recordable instrument pursuant to Md. Code Real Prop. § 3-101(a). The District Court failed to acknowledge self authenticating facts retrieved from filings in the

1

Securities and Exchange Commission's EDGAR search engine which are widely regarded by courts as worthy of judicial notice, permitting them to be entered into evidence for proving the matter referenced therein without further support. The District Court did not attach any weight or relevance to the conceded fact that Defendant American Home Mortgage Corporation is permanently out of the lending business and drew no reasonable inferences from this lack of capacity.

Second Issue – None of the Court's cited authorities address the substance of Plaintiff's argument as to whether it is relevant and mandatory under Md. Code Real Prop. § 7-105(D)(2)(iii) [i.e. an order to foreclose "must be accompanied by an affidavit certifying ownership of the debt instrument"] and Md. Code Real Prop. § 7-105.1(C)(1) [i.e. reserving the right to initiate foreclosure exclusively to the secured party] for MERS to prove beneficial ownership of the Deed of Trust as an indispensable prerequisite for providing a future assignee with authority to pursue enforcement. Md. Code Real Prop. § 2-103 stipulates that an assignee can obtain no greater interest than that which can be conveyed by its grantee. If MERS is not the owner of Plaintiff's Deed of Trust, then it lacks the capacity convey this authority to any future assignee for the purpose of pursuing enforcement.

Third Issue – The District Court refused to acknowledge that ownership rights in instruments relating to land are also subject to principles of property law. [See Complaint ¶ 95, citing Md. Code Comm. Law § 3-201 (U.C.C. 3 – 203)]. A

transferee's rights are derivative of a transferor's rights and these rights must be proven. Before an interest in property can pass from one party to another, the formalities of the statute of frauds must be observed. It is incontrovertible that the statute of frauds was not followed. This self-evident fact affords a second basis, standing upon independent facts and engaging an entirely different statute [i.e. Md. Code Real Prop. § 5-104] for proving that MERS acquired no beneficial interest in Plaintiff's deed of trust from the lender and, therefore, MERS lacks the capacity to convey any enforceable interest to any future assignee.

Fourth Issue – The District Court did not acknowledge Plaintiff's self authenticating evidence demonstrating how MERS business practices have sown confusion and damaged the integrity of Maryland's land records. Specifically, these business practices conceal and mask beneficial transfers of ownership and substitute in their place, records that appear plausible on their face but are in fact hollow and bankrupt of substance. These plausible but false records are then filed in a county recorder's office where two statutes [[i.e. Md. Code Real Prop. § 4-103 and Md. Code Real Prop. § 7-103] create a presumption of authenticity. These business practices allow MERS to attain a position of legal power that is not supported by the underlying facts. These business practices and the false representations which are driven by these practices are endemic to any file marking the appearance of MERS and incorporates all of the attributes of chicanery.

3

Respectfully submitted by:

/s/ Norman L. Sirak

---

Norman L. Sirak #29518
4035 Cinwood Street
Massillon, Ohio  44646
Phone (330) 478 1947
Email nsirak@parolereform.com

/s/ Dan Rupli

---

Dan Rupli, Esq.
18 E. Orndorff Drive
Brunswick, Md.  21716
Phone (240) 481 2677
Email Rupli@aol.com

## Certificate of Service

A copy of the above Notice of Appeal will be sent via the Court's electronic filing system to all parties listed on this case.

/s/ Norman L. Sirak

---

By Norman L. Sirak